# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re:<br>**Matthew James Balli** | )<br>) Chapter 13 Case No.: **16-51143**<br>)<br>) Judge              **Alan Koschik**<br>) ☐   Original Chapter 13 Plan<br>) ■   **1 Amended Chapter 13 Plan\*\***<br>) ■   See Paragraph Thirteen for Special Provisions |
| Debtor(s) | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION CREDITORS - YOUR RIGHTS WILL BE AFFECTED.**

The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

---

\*\* Reason Plan is Being Amended
**Lowering payments due to GNM Contractors paying business debts which includes Blackburne & Son and Ferguson Funding**

## 1. PLAN PAYMENTS

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): $__**260.00**__ per month, payable in

    ■ monthly     ☐ semi-monthly     ☐ bi-weekly     ☐ weekly     installments of $__**260.00**__ each,

  ____   The Debtor is employed by **(name and address of employer)** and shall make payment by payroll deduction.
  __X__   The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.
  ____   The Debtor is retired and/or has **(source of income)** and shall make payments to the Trustee by check or money order.

### TAX REFUNDS

The Debtor(s) further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Tax Refunds are in addition to the monthly plan payment and the Trustee is authorized to adjust the unsecured dividend based on the turnover of any future tax refunds.

### TEMPORARY SUSPENSION OF PLAN PAYMENTS

Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan. The Debtor(s) agree that should a pay suspension be approved, the suspended payments shall be added to the end of the plan and must be made in order for the Debtor(s) to earn a discharge. The Debtor(s) may extend the duration of their plan in order to make up the suspended payments. Creditors entitled to interest shall their interest continue to accrue during any suspension period. Debtor(s) shall not suspend their plan payments to a level which prohibits conduit mortgage payments from being paid.

2. **ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

Concurrent with the filing of this plan, the Debtor(s) has filed an agreed entry with the Trustee authorizing the Trustee to make adequate protection payments to the following creditors. Pursuant to 11 USC Section 102, creditors shall have 20 days to review the agreed entry for adequate protection payments and file an objection if the creditor opposes the adequate protection payment.

| Creditor and Collateral | Account # | Address | Amount |
|---|---|---|---|
| -NONE- | | | |

3. **ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) conduit mortgage payments on the debtor(s)'s residence; (iii) conduit mortgage payments on real property other than the debtor(s)'s residence; (iv) attorney fees as allowed under applicable rules and guidelines; (v) monthly payments as provided for in Paragraphs 4, 5 and 6; (vi) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vii) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (viii) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution. Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

4. **CLAIMS SECURED BY REAL PROPERTY**

   **A. Conduit Mortgage Payments to be Paid Through the Chapter 13 Plan**

   **The Debtor(s)'s Residence**

| Creditor | Property Address | Monthly Payment |
|---|---|---|
| -NONE- | | |

   **Other real properties with mortgage payments to be conduit through the plan:**

| Creditor | Property Address | Monthly Payment |
|---|---|---|
| -NONE- | | |

Conduit payments shall begin for the month which the case was filed,. During the plan, conduit payments are subject to changes due to escrow, interest and other adjustments. Unless real estate taxes and insurance are included in the mortgage payments paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. The creditor should file with the Court any changes in the mortgage payment. If the mortgage payment is increased and it causes feasibility issues, the Trustee will file a motion to increase the Debtor's payments to maintain feasibility of the plan. The Trustee shall not commence monthly mortgage payments until the creditor files its Proof of Claim and the Plan is confirmed.

The mortgage creditor, or any of its successor or services, shall accept the Trustee's payment as being timely made. However, debtor bears ultimate responsibility of making the monthly Chapter 13 payment timely in order for the Trustee to make the mortgage payment.. Accordingly the,debtor(s) shall ensure that the Trustee receives the payment no later than the 20th of each month so that the mortgage payment can be made. The Trustee shall not bear responsibility to the creditor should the debtor fail to make the Chapter 13 plan payment timely.

   **B. Mortgage and Real Estate Tax Arrearages**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrerages in equal monthly payments or pro rata(whichever is stated below).

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| -NONE- | | | |

C. Liens and Other Claims Secured by Real Estate

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| -NONE- | | | | |

## 5. CLAIMS SECURED BY PERSONAL PROPERTY

A. Secured Claims to be Paid Through the Plan:

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| Steel Valley Fcu | 2003 Ford F250 281000 miles Motor blew up Debtor's estimate shown | 1,000.00 | 5.50% | 19.10 |
| Steel Valley Fcu | 1997 Harley Davidson FLSFC 15000 miles | 3,446.00 | 5.50% | 65.82 |

Note: If no dollar amount is stated under the monthly payment amount in paragraph five, the Trustee is authorized to pay the claims pro rata based on funds available.

## 6. FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| -NONE- | | |

## 7. DOMESTIC SUPPORT OBLIGATIONS

Debtor ☐ does ■ does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

If the Debtor does have domestic support obligations:
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address of Holder (if known) | Address of Child Enforcement Support Agency (mandatory) |
|---|---|---|
| -NONE- | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| -NONE- | | |

## 8. OTHER PRIORITY CLAIMS

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| State of Ohio | 1,720.00 |

9.  **GENERAL UNSECURED CLAIMS**

All timely filed pre-petition undisputed non priority unsecured creditors shall receive a __3__ % dividend or share in funds totalling $**4224.8** whichever is greater.

The Trustee is authorized to adjust the percentage dividend or dollar amount if funds other than the schedule plan payments are received by the Trustee, unless the Court has ordered the funds distributed to secured or priority creditors. This can include, but is not limited to, the turnover of tax refunds, property sales, inheritance, or bonuses while the Chapter 13 plan is pending.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if any unsecured creditor returns funds to the Trustee for any reason. The returned funds will be distributed to the remaining unsecured creditors.

The Trustee is authorized to adjust the percentage dividend or dollar amount accordingly if all unsecured creditors have not filed claims by the claims bar date, and the failure of these creditors to file claims will cause the plan to complete before the Debtor(s)'s respective applicable commitment period.

Unless the court orders otherwise, the Trustee is authorized to adjust the percentage dividend or dollar amount to that the Debtor(s) plan extends for the Debtor(s)'s full applicable commitment period.

THE TRUSTEE IS NOT AUTHORIZED TO INCREASE PLAN PAYMENTS UNLESS THE TRUSTEE HAS FILED A MOTION PUTTING THE DEBTOR AND DEBTOR'S COUNSEL ON NOTICE AND THE COURT APPROVES THE MOTION.

10. **PROPERTY TO BE SURRENDERED**

Debtor(s) will surrender the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed within 180 days from the date that the petition is filed. A deficiency claim filed beyond the 180 days must be allowed by separate order of the Court.

| Creditor | Property Description |
|---|---|
| -NONE- | |

11. **EXECUTORY CONTRACT AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed and shall be paid directly by the Debtor(s) to the creditor:

| Creditor | Property Description |
|---|---|
| **First Data** | **Lease on credit card machine in GNM INC.** |

12. **POST-PETITION CLAIMS**

The plan shall allow for the payment of all or a part of post-petition claim allowed under 11 U.S.C. Sec. 1305.

13. **SPECIAL PROVISIONS**

> **Debtor will pay his mortgage directly to Farmers Savings Bank directly because he is not behind.**
> **Funds will be deemed disbursed when received by the trustee.**

 /s/ Matthew James Balli
 Debtor's Signature - Name typed below

Matthew James Balli

/s/ James Hausen
---
James Hausen 0073694
0073694
Allen Chern Law LLC
215 East Waterloo Rd, #17
Akron, OH 44319
234-678-0626

| | | |
|---|---|---|
| In re: | * | Case No. 16-51143 |
| | * | |
| Matthew James Balli | * | |
| | * | Chapter 13 |
| | * | |
| Debtor | * | Judge Alan Koschik |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that the Amended Chapter 13 plan was electronically transmitted on or about July 22, 2016 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

**CHAPTER 13 TRUSTEE: Keith Rucinski**

I further certify that the following received notice by regular U.S. Mail at the specified address on the date first set forth above:

See Attached Mailing Matrix

/s/ James F. Hausen
James F. Hausen, Attorney for Debtor(s)

Label Matrix for local noticing
0647-5
Case 16-51143-amk
Northern District of Ohio
Akron
Fri Jul 22 12:26:45 EDT 2016

Ohio Department Of Job & Family Services
Revenue Recovery/Litigation
PO Box 182404
Columbus, OH 43218-2404

Ohio Department of Taxation
Attn: Bankruptcy Division
PO Box 530
Columbus, OH 43216-0530

455 John F. Seiberling Federal Building
US Courthouse
2 South Main Street
Akron, OH 44308-1848

Alan Hallock
303 E. Washington St
Medina, OH 44256-2116

Ally Financial
PO Box 130424
Roseville MN 55113-0004

Ally Financial
Po Box 380901
Bloomington, MN 55438-0901

Blackburne & Sons Realty Capital Co
4811 Chippendale Dr, Suite 101
Sacramento, CA 95841-2551

Cleveland Clinic
PO Box 89410
Cleveland, OH 44101-6410

Dental Works
5014 Grande Blvd
Medina, OH 44256

Donald Ross
109 W. Liberty St
Medina, OH 44256-2200

Ferguson Funding, Inc
34122 West Point Dr
North Ridgeville, OH 44039-4137

First Data
1307 Walt Whitman Rd
Melville, NY 11747-4819

Hutson Law Office
PO Box 268
Westfield Center, OH 44251-0268

James Amodio
109 W. Liberty St
Medina, OH 44256-2200

Jared/Sterling Jewelers
Attn: Bankruptcy
Po Box 3680
Akron, OH 44309-3680

LVNV Funding
Po Box 10497
Greenville, SC 29603-0497

Medina County Common Pleas
93 Public Square #129
Medina, OH 44256-2292

Navient
Attn: Claims Dept
Po Box 9500
Wilkes-Barr, PA 18773-9500

Navient Solutions, Inc. on behalf of USAF
Attn: Bankruptcy Litigation Unit E3149
P.O. Box 9430
Wilkes-Barre, PA 18773-9430

North American Credit Services
Po Box 182221
Chattanooga, TN 37422-7221

Ohio Department of Taxation
Bankruptcy Division
P.O. Box 530
Columbus, OH 43216-0530

Phillip L. Balli and Patricia A. Ba
5830 Lennox New Lyme Rd
Jefferson, OH 44047-8215

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
CP Medical LLC
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Southwest General Health
PO Box 630076
Cincinnati, OH 45263-0076

State of Ohio
Department of Taxation
c/o Attorney General
150 E. Gay St, 21st Floor
Columbus, OH 43215-3191

Steel Valley Fcu
3840 Pearl Rd
Cleveland, OH 44109-2751

The Farmers Savings Ba
111 West Main St
Spencer, OH 44275-9565

| | | |
|---|---|---|
| William Blackburn and Carol Blackbu<br>7144 Norwalk Rd<br>Medina, OH 44256-8968 | William Creighton<br>5300 Baumhard Rd<br>Suite 3<br>Cleveland, OH 44109 | James Hausen<br>Allen Chern LLC<br>215 E. Waterloo Rd<br>Suite 17<br>Akron, OH 44319-1236 |
| Keith Rucinski<br>Chapter 13 Trustee<br>One Cascade Plaza Suite 2020<br>Akron, OH 44308-1160 | Matthew James Balli<br>136 North Carpenter<br>Brunswick, OH 44212-1352 | End of Label Matrix<br>Mailable recipients   34<br>Bypassed recipients    0<br>Total                 34 |